UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00142-FDW

| OREON TYSHON HOVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| WAYNE WILSON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

## I.  BACKGROUND

Pro se Plaintiff Oreon Tyshon Hovis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. He filed this action on May 13, 2024, asserting violations of his Fourth and Fourteenth Amendment rights. [Doc. 1]. Plaintiff names Wayne Wilson and FNU Moore, identified as Detectives for the Forest City Police Department; Rutherford County, North Carolina; and the Forest City Police Department as Defendants. [Id. at 1-2]. Plaintiff alleges as follows. On May 6, 2022, Plaintiff was a passenger in a car driven by his friend, Lisa Fields, that was stopped by Defendants Wilson and Moore. [Id. at 6]. Defendant Wilson ordered Ms. Fields out of the car and spoke to her at length. After "an extended period of time," Defendant Moore ordered Plaintiff out of the car and frisked him without his consent. Plaintiff was taken inside a nearby convenience store and searched in public view without his consent, without a warrant, and without probable cause. [Id. at 6-7]. The search involved "the Forest City law enforcement officer's reaching inside

[Plaintiff's] underwear in public view, and pulling out a baggie of alleged contraband." [Id. at 6]. Plaintiff alleges he was a "free man before this incident." [Id. at 5].

Plaintiff claims Defendants violated his Fourth Amendment right to be free from "illegal searches, seizures, and detention" and his Fourteenth Amendment due process and equal protection rights. [Id. at 4]. For injuries, Plaintiff alleges mental anguish, emotional distress, humiliation, and embarrassment. [Id.]. Plaintiff seeks monetary relief only. [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured

2

by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff's claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). Although not specifically alleged by Plaintiff, it appears that he was convicted of possession of the "contraband" found during the search and remains incarcerated thereon.[1] As such, success on the Plaintiff's present claims would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his present claims

---

[1] Moreover, the North Carolina Department of Adult Correction website shows that Plaintiff was convicted of drug trafficking on May 25, 2023.

3

appear to be barred by Heck.

**IV.     CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order and demonstrating that his claims are not Heck-barred. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: June 11, 2024

Frank D. Whitney
United States District Judge