| | |
|---|---|
| OREON TYSHON HOVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WAYNE WILSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 4].

I.     BACKGROUND

Pro se Plaintiff Oreon Tyshon Hovis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. He filed this action on May 13, 2024, asserting violations of his Fourth and Fourteenth Amendment rights. [Doc. 1]. Plaintiff named Wayne Wilson and FNU Moore, identified as Detectives for the Forest City Police Department; Rutherford County, North Carolina; and the Forest City Police Department as Defendants. [Id. at 1-2]. Plaintiff alleged as follows. On May 6, 2022, he was a passenger in a car driven by his friend, Lisa Fields, that was stopped by Defendants Wilson and Moore. [Id. at 6]. Defendant Wilson ordered Ms. Fields out of the car and spoke to her at length. After "an extended period of time," during which time Plaintiff was not free to leave, Defendant Moore ordered Plaintiff out of the car and frisked him without his consent. Plaintiff had no firearms on his person and did not admit having controlled substances on his person. [Id.].

Plaintiff was taken inside a nearby convenience store and, after officers learned from a store clerk that the convenience store did not have a public bathroom, searched in the back of the store in public view without his consent, without a warrant, and without probable cause.[1] [Id. at 6-7]. The search involved "the Forest City law enforcement officer's reaching inside [Plaintiff's] underwear in public view, and pulling out a baggie of alleged contraband." [Id. at 6]. Plaintiff alleged he was a "free man before this incident."[2] [Id. at 5]. Plaintiff claimed violation of his Fourth Amendment right to be free from "illegal searches, seizures, and detention" and his Fourteenth Amendment due process and equal protection rights. [Id. at 4].

The Court found on initial review that Plaintiff failed to state any claim for relief. [Doc. 5]. The Court concluded that it appeared Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), because "success on the Plaintiff's present claims would necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter," which Plaintiff did not allege was reversed or otherwise invalidated. [Id. at 3]. The Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 4].

Plaintiff timely filed an Amended Complaint, in which he names the same Defendants and incorporates by reference the factual allegations from his original Complaint. [Doc. 6]. Additionally, Plaintiff alleges that his claims are not Heck-barred because he pleaded guilty to the state charge(s) and he "is not attacking his conviction(s)." [Id. at 2 (citing Covey v. Assessor of Ohio Cty., 777 F.3d 186, 198 (4th Cir. 2015))]. Plaintiff again claims violation of his rights under

---

[1] Plaintiff attached the unsworn statement of the store clerk, dated April 7, 2023, to his Complaint. [Doc. 1-1]. The clerk states that the police asked her for a key to the bathroom and, after explaining to them that there was no public bathroom, the officers "proceeded to take [Plaintiff] in the back closet and go thru his pants." [Id.].

[2] Although he failed to include it with his Complaint, Plaintiff directed the Court to review "a copy of [his] 'Sworn Affidavit' attached to 'motion to suppress.' [Doc. 1 at 7]. Thus, it appears that Plaintiff may have moved in his state criminal proceeding to suppress evidence from the allegedly illegal search.

2

the Fourth and Fourteenth Amendments because "he was illegally detained, searched, seized without his consent, and without a validly issued search [or arrest] warrant[s]" or probable cause. [Id. at 2, 4]. For injuries, Plaintiff claims to be suffering from mental anguish, emotional distress, humiliation, and embarrassment, for which Plaintiff alleges the Defendants and the Jail failed to provide treatment. [Id. at 6]. Plaintiff purports to seek declaratory, compensatory, and punitive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured

3

by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). "As Heck itself recognizes, civil claims based on unreasonable searches do not *necessarily* imply that the resulting criminal convictions were unlawful." Covey, 777 F.3d at 197 (citing Heck, 512 U.S. at 487 n. 7). "A valid conviction can still result after an improper search when doctrines such as independent source, inevitable discovery, or harmless error would alleviate the effect of the improper search." Id. (citation omitted). "Moreover, a civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt," particularly where the

4

plaintiff never sought to suppress the evidence underlying his conviction. Id. (citations omitted). However, "[w]hen evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983. It is only when the suppression of the evidence required by logical application of the § 1983 judgment would *not necessarily* invalidate the underlying conviction that the § 1983 case can proceed." Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003).

Plaintiff now alleges that he pleaded guilty to the state charge(s) because "the plea was in [his] best interest" and that he "is not attacking his conviction(s)." [Doc. 6 at 2]. As such, from the allegations before the Court now on initial review, it does not appear that Plaintiff's claims are Heck-barred.[3] The Court, therefore, will consider whether Plaintiff has stated claims against any Defendant under the Fourth and Fourteenth Amendments.

The Fourth Amendment provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Therefore, to be constitutional, a search must not be unreasonable." Amaechi v. West, 237 F.3d 356, 360 (4th Cir. 2001). The Fourth Amendment is enforceable against the

---

[3] The Court notes, however, that the circumstances leading up to and surrounding Plaintiff's arrest and guilty plea may later subject this action to dismissal as Heck-barred or otherwise. See Allen v. McCurry, 449 U.S. 90, 104, 101 S.Ct. 411 (1980) (stating that the principles of res judicata and collateral estoppel apply to the § 1983 actions seeking to vindicate constitutional rights that were previously decided in state court criminal proceedings); see also Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993) ("A suppression hearing in an earlier state criminal trial collaterally estops the relitigation of the same issues in a § 1983 action if the elements of collateral estoppel are met.").

5

states through the Fourteenth Amendment's Due Process Clause. Mapp v. Ohio, 367 U.S. 643, 654-55 (1961).

In Bell v. Wolfish, "the Supreme Court established an analytical framework for determining the reasonableness of a sexually intrusive search." Amachi, 237 F.3d at 361 (citing 441 U.S. 520, 559, 99 S.Ct. 1861 (1979)). "In Bell, the Supreme Court held that a reasonableness inquiry requires a court to balance the need for the particular search against the invasion of the personal rights that the search entailed." Id. (citing Bell, 441 U.S. at 559). "This balancing requires a court to conduct a contextual analysis to determine reasonableness by analyzing 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" Id. (quoting Bell, 441 U.S. at 559).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's Fourth Amendment claim against Defendants Wilson and Moore based on an alleged unreasonable search incident to arrest is not clearly frivolous and survives initial review to the extent Defendants lacked probable cause for the search. The Court, however, notes, that, to the extent Defendants had probable cause for the alleged search, their removal of drugs from Plaintiff's underwear in the back of a convenience store without a public restroom, without more, is insufficient by itself to state a Fourth Amendment claim. See Bell, 441 U.S. at 559.

Plaintiff also purports to bring a claim under the Fourteenth Amendment based on the same alleged illegal warrantless search and seizure. While the Fourth Amendment is enforceable against the states through the Fourteenth Amendment's Due Process Clause, Plaintiff's allegations, do not otherwise implicate the Fourteenth Amendment and the Court will dismiss this claim.

Plaintiff has also failed to state a claim for relief against Defendants Rutherford County or

6

Case 1:24-cv-00142-FDW   Document 7   Filed 07/03/24   Page 6 of 8

the Forest City Police Department.  Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021).  Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff has failed to allege that any acts were taken in furtherance of a municipal policy or custom. Thus, Plaintiff has failed to state a claim for relief against Defendant Rutherford County.  The Court will dismiss this Defendant.

Moreover, a police department is not a municipal entity subject to Monell liability under North Carolina law.  See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)).  Plaintiff, therefore, has failed to state a claim against the Forest City Police Department.  The Court will also dismiss this Defendant.

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourth Amendment claim against Defendants Wilson and Moore passes initial review. All remaining claims are **DISMISSED** for Plaintiff's failure to state a claim for relief. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Defendants Rutherford County and Forest City Police Department are **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify Defendants, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on the Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: July 3, 2024

Frank D. Whitney
United States District Judge